*Wm. KENNER & AL. vs. THEIR CREDITORS.*

If on a comparison of the day of acceptance, the day designated for payment, and the tenor of the bill, it appears the days of grace were included with those of sight, between the day of acceptance and that designated for payment, that day is the peremptory one of payment, and protest on it is legal.

If the acceptance be not dated, parol evidence is admissible to show on what day it was made.

AEPEAL from the court of the parish and city of New Orleans.

If, on a comparison of the day of acceptance, the day designated for

The case is similar to that in which the president, &c. of the bank of the United States, were appellants—8 *Martin*, *n. s.* 36,

and which was decided in May term, 1829, of this court. The principles on which its decision depend were then settled, after much discussion, and we believe them to be established on a just and sound interpretation of the laws applicable to these cases.

There is one slight difference in the present case, from that referred to, arising on the contract of deposit made between William Mc-Muado Duncan & Sons, who were acceptors of the bills of exchange and their creditors.

In the case of the bank of the United States it appeared that its officers had received a dividend of the deposit, amounting to seven shillings in the pound on their claims. The same amount in relation to the claims of Hicks & Sons, seems to remain in the hands of the depositees, for the benefit, and subject to the order of the former, according to certain conditions to be by them performed in relation to the depositors. This circumstance of difference, does not, in our opinion, materially change the essential merits of the two cases.

It is therefore ordered, &c. that the judgment of the parish court be avoided, reversed and annulled. And it is further ordered

Eastern District
*March*, 1830.

KENNER & AL.
*vs.*
THEIR CREDITORS.

payment, and the tenor of the bill, it appears the days of grace were included with those of sight, between the day of acceptance and that designated for payment, that day is the peremptory one of payment, and protest on it is legal.

If the acceptance be not dated, parol evidence is admissible to show on what day it was made.

Eastern District. &c. that the appellants be restored on the tab-
*March*, 1830. leau as creditors of the insolvents, for the
KENNER & AL. amount of their respective claims, deducting
*vs.* therefrom at the rate of seven shillings in each
THEIR CREDI-
TORS.

pound sterling, being the amount deposited for their use and benefit in the hands of Cropper, Benson & Co. and William and James Brown, & Co. of Liverpool. The appellees to pay costs of the appeal, the appellants those before.